### REGINA MUSIC-BOX CO. v. HASSE.

(Circuit Court, S. D. New York. August 23, 1899.)

PATENTS—INFRINGEMENT—IMPROVEMENTS IN MUSIC BOXES.

The Cuendet patent, No. 474,520, for improvements in music boxes, as to claim 1, which covers an independent damper, is limited by the prior art and especially by the Lochmann patent, No. 417,650, to the particular device described in the specification, which is a positive side damper, and to a narrow range of equivalents; and such claim is not infringed by a negative damper, which is applied by its own resilience, and held from engagement by the pressure of another part of the mechanism.

This was a suit in equity for infringement of a patent. On final hearing upon pleadings and proofs.

Antonio Knauth, for complainant.

Louis C. Raegener and S. L. Moody, for defendant.

LACOMBE, Circuit Judge. This is a suit for infringement of United States letters patent No. 474,520, granted May 10, 1892, to Samuel Cuendet for improvements in music boxes. The patent covers a number of improvements. The particular one in controversy relates to the damper, and is embodied in the first claim, which reads:

"(1) In a music box, the combination, with the vibrating comb blades and means for moving the same, of an independent damper forked at the upper end, one prong of which comes in contact with the vibrating comb blade,

and the other is formed as a projection acted upon by the pin of the cylinder, substantially as set forth."

The damper of a music box is an appliance which is brought into contact with a tongue of the metal comb, which produces the sound, in order to stop its vibrations. This is done immediately before the picker engages with the tongue, vibrations at other times being an advantage. The picker may be the pin on a revolving cylinder, or the point of a star-wheel, which is set in motion by the other moving parts of the machine. When the damper is attached to the tongue itself, it is a dependent damper; when affixed independently to the framework of the machine, it is an independent damper. To this latter class the invention of the patent belongs. Several varieties of damper were known before the patentee Cuendet entered the field. In some of them, the picker acted directly upon the damper; in others, it acted upon some arm or prong which imparted motion to the damper proper. The most notable improvement in dampers was that of Lochmann (United States patent 417,650, December 17, 1889). Prior to his invention all dampers had operated in the direction of the vibrating tongue, and those vibrations were checked by impact upon the damper, producing more or less of a discordant sound. Lochmann brought the damper up against the side of the tongue, thus checking its motion by frictional pressure without noise. This was a radical departure from the old abutting damper, and Lochmann's patent, together with the varying forms of damper already disclosed to the art, operating some by direct pressure, some by their own resilience, left an extremely narrow field for Cuendet. The Lochmann side damper is a single-arm damper, which is moved to and from the comb tongue by a cam in the damper situated below the comb tongue, so as to be in the path of the picking device. When it operates to damp the tongue, it is pressed against the latter by its own resiliency. At other times, i. e. when the star-wheel is at rest, one of its fingers rests on the cam, and forcibly holds the damping end of the damper out of contact with the tongue. A damper operating in this way is known as a "negative damper." When the natural resilience of the damper tends to keep it out of contact with the tongue, and contact is effected by the pressure of some part of the moving devices, it is known as a "positive damper." Both methods of operation (although not with side dampers) had been shown before Cuendet.

As was before said, the Lochmann damper has practically gone into general use in star-wheel music boxes with a single comb. In a so-called "duplex box," it is used for the upper comb; but, in its original shape, cannot be used for the lower comb, by reason of the lack of space or of a place to anchor it. The improvement of the patent in suit in reality consists in providing a Lochmann side damper with an arm or prong, which carries the cam and is moved by the picking device, dragging the other arm with it (since both arms are integral). Whether this improvement is obvious to one skilled in the art, and therefore, as defendant contends, devoid of invention, need not be decided here. It will be quite sufficient to hold that, in view of the various devices shown in the prior art, the patentee must

be held strictly to the precise combination of old elements by which he has adapted the Lochmann side damper to use in a duplex box.

The claim is a broad one. It is confined to independent dampers, and to such as are pronged; but, except so far as it is restricted by the words, "substantially as set forth," it includes positive and negative, abutting and side dampers, and would cover dampers already described in the literature of the art, such as Macaulay (401,-188) and Jacot (461,633). The words quoted, therefore, must be given effect to incorporate into the claim limitations which the specifications show to be present in the combination of the patent. From his description it appears that the prong $d^2$ (which operates as the damping finger) is straight, and extends vertically between the blade or tongue of the comb it is intended to act upon and the next one, and that said prong $d^2$ reaches the blade it acts upon by a lateral displacement; that, when the damper is at rest, both prongs of the fork are out of engagement with the corresponding blade of the comb, being kept so by the natural resiliency of the device, and that contact is effected by the positive pressure of the pin or picking device upon the cam of the one prong, thus causing lateral pressure of the other prong against the blade or tongue. This is a "side damper," and a "positive damper," and, in view of the state of the art, the patent in suit must be confined to positive side dampers, if the first claim is to be sustained at all.

The defendant's device is well described in defendant's brief as follows:

"In the position of rest, or normal position, the damper is held out of contact with the comb tongue by the tooth of the star wheel, which is also at rest, pressing against its cam. This tooth is a tooth which has previously picked the tongue, and now lies just under it, having picked the tongue from above downward. When this particular comb tongue is to be again picked and sounded, the proper projection in the music disk, engaging one of the upper teeth of the star wheel, causes the star wheel to revolve, so that the tooth lying just above the comb tongue shall pick the same. But before the said tooth can come in contact with the comb tongue the tooth below, which has been holding the damper away, passes off from the damper cam in its revolution, and allows the damper to be applied by its own resilience. and to stop or damp any vibration that may exist in said comb tongue just before the picking tooth comes in contact therewith, so that such contact shall be made smoothly and noiselessly. Then, as the star-wheel still revolves, this picking tooth presses down the comb tongue, and, in so doing, itself comes against the damper cam, and moves the damper away again into the free position, to allow the tongue to vibrate freely when released. The star wheel still revolving. this picking tooth releases the comb tongue, and then stops just below the comb tongue, and just as it has reached the highest part of the damper cam, and is thus holding the damper as far away from the comb tongue as possible. Here it rests until the note is to be sounded again by the next following tooth, when the same operation is repeated. The reason that the star wheel stops just when it does is that the tooth which was engaged by the music-disk projection has now in its revolution passed so far downward that this projection can no longer reach it, and so turn the star wheel. During this partial revolution, however, another tooth of the star wheel has come up into position, to be engaged by any projection of the music disk which is properly placed."

The operation, therefore, of defendant's device, shows it to be, like Lochmann's, a negative damper, which is applied by its own resilience, and is held free of the blade by the pressure of the star-wheel

tooth. Since the invention in suit, conceding that it is an invention, and not a mere obvious improvement of the Lochmann damper, is not of that broad character which calls for a liberal application of the doctrine of equivalents, the distinction above pointed out is sufficient to take defendant's device out of the scope of the first claim, as that claim must be construed. Bill dismissed.